```
                    IN THE UNITED STATES DISTRICT COURT

                   FOR THE EASTERN DISTRICT OF CALIFORNIA

MICROSOFT CORPORATION, a              )    2:04-cv-0809-GEB-PAN
Washington corporation,               )
                                      )
                Plaintiff,            )
                                      )    ORDER TO SHOW CAUSE AND
     v.                               )    CONTINUING FINAL PRETRIAL
                                      )    CONFERENCE
CALIFORNIA MICRO COMPUTERS, INC.,     )
a/k/a CA-MICRO a/k/a ADVANCED         )
CONCEPTS, a California corporation;)
and JAMES R. SCOTT, an individual,    )
                                      )
                Defendants.           )
_____)
                                      )
CALIFORNIA MICRO COMPUTERS, INC.,     )
a/k/a CA-MICRO a/k/a ADVANCED         )
CONCEPTS, a California corporation;)
and JAMES R. SCOTT, an individual,    )
                                      )
          Defendants and              )
          Third Party Plaintiffs,     )
                                      )
     v.                               )
                                      )
GLOBAL TRADING INTERNATIONAL,         )
INC., COMPWAVES,                      )
                                      )
          Third Party Defendants.     )
_____)
```

The Status (Pretrial Scheduling) Order filed November 19, 2004, set the Final Pretrial Conference in this case for October 17, 2005, and required that a Joint Pretrial Statement (JPS) be filed "not

1

later than seven days prior to the final pretrial conference." (Status Order at 6.)  Third-Party Plaintiffs ("Plaintiffs") filed an untimely "Joint Pretrial Statement" on October 12, 2005, which Third-Party Defendants ("Defendants") did not join.  Defendants have not filed a pretrial statement.  Due to the parties' failure to file a JPS as ordered, the Final Pretrial Conference is reset to November 21, 2005, at 1:30 p.m.

The parties are ORDERED TO SHOW CAUSE (OSC), by filing written statements, not later than 4:00 p.m. on November 14, 2005, why the Court should not issue sanctions under Rule 16(f) of the Federal Rules of Civil Procedure for Plaintiff's failure to file a timely pretrial statement as ordered and Defendants' failure to file a pretrial statement.  Further, Defendants are ordered to show cause why the Third-Party Complaint should not be dismissed as Plaintiffs request.  The written responses should indicate whether the parties or their counsel are at fault for the failure to file a JPS and whether a hearing is requested on the OSC.[1]  If a hearing is requested, it will be held at the time of the Final Pretrial Conference.

IT IS SO ORDERED.

DATED:  October 13, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).